

# THE ATTORNEY GENERAL
# OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

April 27, 1967

Hon. Frank M. Jackson
Executive Secretary
Teacher Retirement System
  of Texas
Lowich Building
Austin, Texas 78714

Opinion No. M-64

Re: Whether a person receiving disability benefits from the Teacher Retirement System, who becomes engaged in a gainful occupation, should have his disability benefit reduced or suspended on the basis of his current earning capacity.

Dear Mr. Jackson:

You have requested the opinion of this office regarding the following specific questions:

"1. If a person receiving disability benefits from the Teacher Retirement System becomes engaged in a gainful occupation, should the amount of his allowance from the Teacher Retirement System be reduced to an amount by which the salary earned during his last year of service in the public schools of Texas exceeds his present earning capacity or suspended if his current earning capacity exceeds his last earned salary in the public schools of Texas?

"2. If your answer to Question No. 1 is in the affirmative, would the fact that the person receiving disability benefits from the Teacher Retirement System is past age sixty (60) permit him to be employed in a gainful occupation without such benefits being reduced or canceled as a result of such earnings in a gainful occupation?"

Article 2922-1, Vernon's Civil Statutes, provides for the creation and operation of the Teacher Retirement System of Texas. Section 6 thereof establishes a disability benefit, and

- 297 -

sets forth the terms and conditions under which such benefits may be paid. Although lengthy, it is necessary that we quote the major portion of Section 6:

"Sec. 6. 1. Upon application of the member or (where the member is unable to make application) of his employer or legal representative acting on behalf of the member, the State Board of Trustees may, not less than thirty (30) nor more than ninety (90) days after filing of said application, retire such member upon the applicable disability benefit set out below, provided that the Medical Board, after a medical examination of such member, shall certify that such member is mentally or physically disabled for the further performance of duty and that such disability is likely to be permanent. In such event, the member shall retire subject to the provisions of this Act, upon a disability retirement benefit as follows:

"(a) If the member has less than ten (10) years of creditable service at date of such retirement, he shall be paid a disability benefit of Fifty Dollars ($50.00) per month, for the duration of such disability, or for the duration of his life, or for a period of months equal to the number of months of creditable service rendered by such member prior to date of such retirement, whichever term is shorter.

"(b) If the member has more than ten (10) years of creditable service, but is not eligible for service retirement, he shall receive the standard annuity calculated on the basis of his creditable service to date of retirement, or the sum of Fifty Dollars ($50.00) per month, whichever amount is greater, for the duration of his disability; and in the event the disability retirement occurs after or shall continue until such person attains sixty (60) years of age, the total disability shall thereafter be conclusively presumed continuous for the remainder of his life.

"2. Beneficiaries Retired on Account of Disability.

"Once each year during the first five (5) years following retirement of a member on a

disability retirement allowance, and once in
every three-year period thereafter, the State
Board of Trustees may, and upon his application
shall, require any disability beneficiary who
has not yet attained the age of sixty (60) years
to undergo a medical examination, such examina-
tion to be made at the place of residence of said
beneficiary or any other place mutually agreed
upon, by a physician or physicians designated by
the Board of Trustees. Should any disability
beneficiary who has not yet attained the age of
sixty (60) years refuse to submit to at least
one medical examination in any such periods by a
physician or physicians designated by the State
Board of Trustees, his allowance shall be dis-
continued until his withdrawal of such refusal,
and should his refusal continue for one year,
all his rights in and to his allowance shall be
revoked by the State Board of Trustees.

"(a) Should the Medical Board report and
certify to the State Board of Trustees that such
disability beneficiary is no longer physically or
mentally incapacitated for the performance of duty,
or that such disability beneficiary is engaged in
or is able to engage in a gainful occupation, and
should the State Board of Trustees by a majority
vote concur in such report, then the amount of
his allowance shall be discontinued or be reduced
to an amount by which the amount of the salary
earned during his latest year of creditable service
exceeds his present earning capacity."

In partial answer to your first question, you are ad-
vised that under Subsection 2(a), quoted supra, as applied to a
person under the age of 60, if the Medical Board certifies that
the disability beneficiary is engaged in or is able to engage in
a gainful occupation, and the Board of Trustees by a majority
vote concurs in such report, the amount of disability allowance
shall be reduced or discontinued as the statute specifies. Such
reduction or discontinuance is thus a matter for the exercise of
discretion by the Board of Trustees, within the limits established
by the statute.

With regard to your remaining questions, your office has
advised us that the following facts give rise to these questions:

A school bus driver has been employed for
less than 10 years, became physically disabled,

and retired under the provisions of Article
2922-1(a), V.C.S. After he passed the age of
60, he was elected to a political office which
pays him more than his previous salary as a
school bus driver.

We note that Subsection 1(b), quoted supra, applies to persons who have more than 10 years of service, and provides for a conclusive presumption of continuing total disability for those persons past the age of 60. This presumption is not expressly stated in Subsection 1(a), but it is our view that it nevertheless exists for persons who retire under this provision, for the reason that Subsection 2 operates to exclude persons past 60 from the requirement of periodic medical examinations. Since there is no requirement for periodic medical review for any person past 60, regardless of the provision he may have retired under, it is our view that all disability retirees past the age of 60 are conclusively presumed to be totally disabled.

Notwithstanding the foregoing, the statute makes it incumbent upon the Medical Board and the Board of Trustees to determine whether a disability beneficiary is engaged in a gainful occupation. We have been advised by your office that the Retirement System requires each disability beneficiary to file an annual statement of earnings. These statements are delivered to the Medical Board, which in turn certifies them to the Board of Trustees. If the Board of Trustees by a majority vote concurs in such report by the Medical Board, the amount of the disability allowance is reduced or discontinued in the manner prescribed in Subsection 2(a).

We are of the opinion that the above-described procedure accurately tracks the requirements of the statutes, fulfilling both the letter and intent thereof. The statute is so constructed that persons over 60 are not subject to periodic medical examinations, but are subject to an annual employment income review, regardless of which disability provision they retired under. If such review discloses an employment income, the disability allowance to such persons is properly subject to reduction or discontinuance. In specific answer to your second question, you are therefore advised that the fact that a person receiving disability benefits is past 60 does not permit him to be gainfully employed without being subject to reduction or discontinuance of his disability benefits.

### S U M M A R Y

Under Article 2922-1, Section 6, V.C.S.,
if a person receiving disability benefits from

the Teacher Retirement System becomes engaged in a gainful occupation, the amount of his disability allowance may be reduced or discontinued in the manner prescribed in the statute.

The fact that a person receiving disability benefits is past the age of 60 relieves him of the necessity of undergoing periodic medical examinations, but does not permit him to be gainfully employed without being subject to reduction or discontinuance of his disability benefits.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Malcolm L. Quick
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
W. V. Geppert, Co-Chairman
Pat Bailey
John Grace
Robert Flowers
John Banks

STAFF LEGAL ASSISTANT
A. J. Carubbi, Jr.